**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OSCAR SALAZAR, *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | Civil Action No. 93-452 (GK) |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

Plaintiffs have moved to Compel Specific Discovery Concerning Compliance with Paragraph 36 of the Settlement Order as it Pertains to the Provision of Home Health Care, Private Duty Nursing, and Personal Care Services. Upon consideration of the Motion, the Opposition of the District of Columbia and non-parties Health Services for Children with Special Needs ("HSCSN") and McKesson Health Solutions LLC ("McKesson"), the Reply, and the entire record herein, the Court concludes that the Motion should be **granted**.

On December 19, 2006, the Court granted Plaintiffs' Motion for Leave to Conduct Limited Discovery Concerning Compliance with Paragraph 36 of the Settlement Order Pertaining to the Provisions of Home Health Care, Private Duty Nursing, and Personal Care Services [Dkt. # 1256]. Defendants and the two non-parties, HSCSN and McKesson, who were given permission to enter a special limited appearance for the purpose of opposing the pending Motion, have refused to provide, pursuant to a discovery request, the Interqual Clinical Decision Support Criteria ("Interqual Criteria" or "Criteria") to Plaintiffs. The Interqual Criteria are evidence-based treatment guidelines that have been developed and copyrighted by McKesson, which, in turn, has licensed their use to HSCSN and many other Medicaid managed care organizations across the country, which then rely

on them to authorize, re-authorize and/or terminate home health care ("HHC"), private duty nursing ("PDN"), and personal care ("PC") services.

HSCSN and McKesson have refused to provide these Criteria unless Plaintiffs agree to a comprehensive confidential agreement under which the Criteria would be distributed only to (1) physicians for the Salazar Plaintiffs in cases where they have been used to deny, limit, or discontinue services of a beneficiary; (2) Plaintiffs who are members of the Salazar class in cases where they have been used to deny, limit, or discontinue services; (3) Terris, Pravlik & Millian; and (4) attorneys who are co-counsel for the Plaintiff Class.[1]

There is no question that counsel to the Salazar Class are entitled to disclosure of eligible criteria for HHC, PDN, and PC services. As the Court has noted in its ruling granting Plaintiffs' Motion for limited discovery, Plaintiffs' counsel have an obligation to monitor compliance with the Settlement Agreement, including paragraph 36 concerning the provision of in-home services. In particular, Plaintiffs' counsel need to know what criteria HSCSN is relying upon in making decisions, which are of great significance to their clients, regarding the authorization, re-authorization, and/or termination of services which are often vital to the parents and caretakers of children with special needs.

Plaintiffs' counsel informed the Court that they receive numerous inquiries from members of the Salazar class about their entitlement to such services. In addition, University Legal Services -- Protection and Advocacy ("ULS - P&A") has also received inquiries from their clients who are members of the Plaintiff class about the provisions of services and has concerns as to whether

---

[1] McKesson proposed additional conditions regarding returning of copies and keeping the copies secure.

HSCSN is implementing in-home EPSDT services in a fashion that comports with Paragraph 36 of the Settlement Order. In sum, both sets of counsel need to advise their clients as to what services are eligible, whether HSCSN has sufficient grounds to deny claims, and the procedures HSCSN can reasonably require members to follow when authorizing, re-authorizing, or terminating prescribed services. Without access to the Interqual Criteria, any advice would be of limited reliability.

McKesson argues that its Criteria, which consist of three elements[2] to aid in making clinical care management decisions, constitute trade secrets and are therefore fully protected under the D.C. Uniform Trade Secrets Act, D.C. Code 36-402, *et seq.*, and the federal Copyright Statutory Scheme, 17 U.S.C.A. 101, *et seq*. Even assuming that the Criteria are subject to such protection, McKesson's argument is not persuasive. Plaintiffs have demonstrated that all Medicaid beneficiaries are entitled to be provided with "the amount, duration, and scope of benefits," as well as the "procedures for obtaining benefits, including authorization requirements." 42 C.F.R. 438.10(f)(6)(v), (vi). In addition, 42 C.F.R. 438.10(f)(6)(v) specifically provides that such information must be provided "in sufficient detail to ensure that enrollees understand the benefits to which they are entitled."

Parents and caretakers of children with special needs have a particularly challenging situation to manage. First, they have to perform demanding physical tasks which are often required for the care of children with special needs. Second, they have the difficult intellectual tasks of understanding what services are available to their children, under what conditions, and for what duration, so that they can make responsible decisions for their care. It is essential that they know the limits of Medicaid coverage so that they can attempt to compensate for any gaps in that coverage and

---

[2] The elements consist of information and clinical data distilled from medical literature; a set of rules based upon "best practices" or expert clinical opinion; and a specific review methodology to be applied to individual patients' cases.

make appropriate plans to fill such gaps. Finally, children with special needs often receive services from a range of health care providers. Once again, it is up to the parents and caretakers to coordinate those many services. In order to navigate such a multi-layered system for children who themselves have a set of complex needs, it is essential that those parents and caretakers, as well as their lawyers and health care advocates, be knowledgeable about "the amount, duration, and scope of benefits," and the "procedures for obtaining benefits, including authorization requirements.

There is no authority for the proposition which McKesson puts forward that the federal copyright laws and local trade secret laws trump the federal Medicaid statute and regulations. Indeed, as Plaintiffs point out, a number of federal district courts have ruled that states cannot contract away to managed care organizations such as HSCSN, or their licensors such as McKesson, their responsibilities to Medicaid beneficiaries or the rights of Medicaid beneficiaries. In short, "[i]t is patently irresponsible to presume that Congress would permit a state to disclaim federal responsibility by contracting away its obligation to a private entity." John B. v. Menke, 176 F. Supp.2d 786, 800-801 (M.D. Tenn. 2007) (quoting J.K. By and Through R.K. v. Dillenberg, 836 F. Supp. 694, 699 (D. Ariz. 1993). Cf, Cantanzano v. Dowling, 60 F.3d 113, 119-120 (2d Cir. 1995), which held specifically that decisions made by a home health care agency, with which the state agency had contracted to provide Medicaid benefits, constituted action on behalf of the government.

While Plaintiffs are objecting to the very limiting conditions of the confidentiality agreement insisted upon by McKesson, they are certainly not requesting widespread public dissemination of the Interqual Criteria. Essentially, they seek to have those Criteria made available to members of the Class who might be eligible for particular benefits, and therefore subject to authorization, re-authorization and/or termination decisions about those benefits, to counsel advising the members

of the Class about the availability of such benefits, and to health care advocates who are advising members of the Class with regard to their need for such benefits.

      **WHEREFORE**, for the foregoing reasons, the Court concludes that Plaintiffs' Motion should be **granted**.

February 6, 2009                      /s/ _____

                                             Gladys Kessler
                                             United States District Judge

**Copies via ECF to all counsel of record**